NOT FOR PUBLICATION

| | |
|---|---|
| DOMINICK GALLUZZO AND ANGELA GALLUZZO,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Hon. Claire C. Cecchi<br>Civil Action No.: 11-1607 (CCC-JAD)<br><br>REPORT AND RECOMMENDATION |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon motion by Defendant United States of America ("Defendant" or "United States") to dismiss Plaintiffs Dominick Galluzzo and Angela Galluzzo's ("Plaintiffs" or "Galluzzos") Complaint for lack of subject matter jurisdiction. Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. After considering the submissions of the parties, for good cause shown, and for the reasons set forth below, the undersigned respectfully recommends that the Court grant Defendant's motion to dismiss.

I.   **STATEMENT OF FACTS**[1]

Plaintiffs commenced suit regarding their tax liability for tax years 1999, 2000, and 2001. The tax liability being asserted by the Defendant is $594,626.05 for tax year 1999; $574,484.10 for tax year 2000; and $609,553.13 for tax year 2001. Plaintiffs have not paid this tax liability, and assert they are not financially capable of paying.

Plaintiffs assert that they did not receive notices of deficiency before the Defendant assessed a tax liability against them. Plaintiffs assert that because they never received a notice of

---

[1] The facts are taken from the Complaint and the parties' respective briefs submitted in connection with the motion at issue.

deficiency for 1999, 2000, and 2001, they were not apprised of their right to file suit in the United States Tax Court challenging Defendant's right to assess the tax. Plaintiffs assert that the tax assessments made by Defendant for tax years 1999, 2000, and 2001 constitute a taking of property without the right to challenge the assessments in Court, which violates Plaintiffs' right to due process as provided by the Fifth Amendment of the United States Constitution.

Plaintiffs' Complaint has Five Counts. In Counts One, Two, and Three, Plaintiffs assert that the additional tax, interest and penalties were erroneously assessed and demand judgment against Defendant for abatement of the tax, interest, and penalties assessed for tax years 1999, 2000 and 2001 respectively. In Count Four, Plaintiffs assert Defendant failed to provide Plaintiffs with a notice of deficiency for tax years 1999, 2000, and 2001 as required by Internal Revenue Code § 6503 and the additional taxes imposed were not timely assessed in accordance with Internal Revenue Code § 6501(a); Plaintiffs demand judgment against Defendant for abatement of the tax, interest, and penalties assessed for tax years 1999, 2000 and 2001. In Count Five, Plaintiffs assert that they filed for bankruptcy in 2006, and that Defendant's claim for the tax assessments was dischargeable in their bankruptcy proceedings.

Defendant moves to dismiss Plaintiffs' Complaint in its entirety; Defendant moves to dismiss Counts One, Two, Three, and Four based on lack of subject matter jurisdiction, and moves to dismiss Count Five on the grounds that this matter has been referred to the Bankruptcy Court and therefore is not properly before this Court.

## II.    DISMISSAL AS TO COUNTS ONE, TWO, THREE & FOUR

Defendant moves to dismiss Counts One, Two, Three and Four on the grounds that this Court lacks subject matter jurisdiction. Defendant notes that, as a sovereign, it is immune from suit except under the express terms of its consent, and the terms of its consent "to be sued in any

court define that court's jurisdiction to entertain the suit." United States v. Dalm, 494 U.S. 596, 608 (1990) (internal citations omitted).

Here, Plaintiffs, in their Complaint, assert that jurisdiction is conferred upon this Court by 28 U.S.C. §1346(a)(1), which provides, in relevant part, that districts courts shall have original jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." 28 U.S.C. §1346(a)(1). "Despite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a... suit upon compliance with certain conditions." Dalm, 494 U.S. at 601. Here, the jurisdiction conferred under 28 U.S.C. §1346(a)(1) is subject to the requirements set forth in 26 U.S.C. §7422(a), which provides, in relevant part, "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected... *until a claim for refund or credit has been duly filed with the Secretary*." 26 U.S.C. §7422(a) (emphasis added). In other words, this Court has jurisdiction to determine the validity of the tax assessments, but only if the prerequisites for suit are satisfied, i.e. the taxes must be paid and a claim for a refund or credit filed.

Plaintiffs concede they have not paid the taxes and therefore have not filed a claim for a refund. However, Plaintiffs argue that this Court nonetheless has jurisdiction based on a Court created exception to the Anti-Injunction Act, 26 U.S.C. §7421(a). The Anti-Injunction Act provides, in relevant part, "[e]xcept as provided in sections... 6212(a) and (c)... *no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court* by any person." 26 U.S.C. §7421(a) (emphasis added). Sections 6212(a) and (c), read together, stand for the proposition that if the Secretary determines there is a deficiency in the tax imposed,

3

he is authorized to send a notice of deficiency via certified or registered mail, and the taxpayer may in turn file a petition with the Tax Court. See 26 U.S.C. §6212(a) and (c). Accordingly, by its very terms, the Anti-Injunction Act provides an exception whereby a taxpayer can challenge a deficiency assessed against him in the Tax Court.

Plaintiffs contend that because they did not receive the notice of deficiency, they were precluded from challenging the deficiency in the Tax Court within the 90-day statutory period, and therefore this Court has jurisdiction based on equitable principles. While conceding that the purpose of the Anti-Injunction Act is to permit the United States to impose and collect taxes with minimal interference from the judiciary, Plaintiffs argue that the Court created exception as set forth in Enochs v. Williams Packing and Navigation Co., 370 U.S. 1 (1967) (the "Williams Packing exception") is applicable here.

> In Williams Packing, the Supreme Court found that
>
> > [t]he manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund… Nevertheless, if it is clear that *under no circumstances could the Government ultimately prevail*, the central purpose of the Act is inapplicable and… the attempted collection may be enjoined *if equity jurisdiction otherwise exists*.

Id. at 7 (emphasis added). The Court is to determine whether, based on the information available at the time of suit, the Government has a chance at ultimately prevailing, and "[o]nly if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained." Id. In addition to finding that there are no circumstances under which the Government could prevail, inadequacy of legal remedies and irreparable harm must also be established in order for the Court to find that equity jurisdiction otherwise exists and the suit may be maintained. See id. at 6 (finding that inadequacy of legal remedy must be established to find § 7421(a) is inapplicable); id. at 7 (noting

that because § 7421(a) was applicable and barred any suit for injunction, the Court need not address irreparable harm); Shible v. United States, 85-cv-4329, 1986 WL 5520, at *2 (D.N.J. Feb. 13, 1986) ("Intervention under equitable principles in tax collection matters will lie only when the taxpayer can demonstrate that he has no adequate remedy by the ordinary processes of the law and it further appears that the enforcement of the tax would produce irreparable injury to the taxpayer.") (internal citations omitted).

Based on the foregoing, in order for this suit to be maintained, Plaintiffs must demonstrate: (1) there are no circumstances under which the Government may prevail; (2) the alternative remedies are inadequate; and (3) Plaintiffs will suffer irreparable harm absent an injunction.

The Court will first turn to the adequacy of alternative remedies. There are two potential alternative remedies. First, Plaintiffs could pay the assessed taxes and penalties, which exceed $1,500,000, and file a suit for a refund. According to Plaintiffs, the fact that they are entitled to invoke this Court's jurisdiction by paying the taxes and filing for a refund provides merely an illusory right since they are financially unable to pay the amount allegedly owed; in other words, Plaintiffs argue they would suffer irreparable harm if forced to pay the assessed tax, and therefore this remedy amounts to no remedy at all. The Court is mindful that "a suit [enjoining the collection of taxes] may not be entertained merely because collection would cause irreparable injury." Williams Packing, 370 U.S. at 6. Nonetheless, for the purposes of this Report and Recommendation only, this Court will accept Plaintiffs' argument that this remedy is inadequate.

Plaintiffs' second alternative remedy is to sue in Tax Court to challenge the sufficiency and validity of the deficiency notice. The Court notes that Plaintiffs are well beyond the 90 day time period provided for by statute to challenge the deficiency notice. However, as the

Government points out, and the Plaintiffs in fact concede, the Tax Court has created an exception to the 90 day rule where the validity of the notice of deficiency is at issue. See Shelton v. Commissioner, 63 T.C. 193, 198 (1974) (finding that when a petition challenging a notice of deficiency is not timely filed because the notice itself is invalid, the Tax Court "has the jurisdiction and authority to, and should, grant a motion properly filed by [the taxpayer] to dismiss the proceeding for lack of jurisdiction because a valid statutory notice of deficiency was not sent to [the taxpayer]."). Here, Plaintiffs can file a petition with the Tax Court challenging the validity of the notice of deficiency, and the Tax Court, in the process of ascertaining its own jurisdiction, can determine whether a valid notice was issued; if the Tax Court rules in favor of Plaintiffs, it effectively voids the assessment. Accordingly, this Court finds that Plaintiffs have an adequate alternative remedy.[2]

Since this Court finds that there is an adequate alternative remedy, it need not address the other factors discussed above because "equity jurisdiction does not otherwise exist." Williams Packing, 370 U.S. at 7. Accordingly, this Court finds that it lacks jurisdiction as to Counts One, Two, Three, and Four, and recommends that those Counts be dismissed.

### III.   DISMISSAL AS TO COUNT FIVE

Defendant also moves to dismiss Count Five, which seeks a ruling that the taxes were discharged in bankruptcy, on the grounds that the reference to taxes is a core proceeding referred to the bankruptcy court and Plaintiffs have not filed a motion to withdraw the reference in

---

[2] The Court notes that Plaintiffs do not argue that this remedy is inadequate; instead, Plaintiffs argue that "the fact that the Tax Court may exercise its discretion in hearing this matter does not mean that the District Court is precluded from exercising its equitable powers." Pl. Br. in Opp. at 4. However, a prerequisite to this Court's equitable powers is that no adequate alternative exists. Accordingly, the fact that there is an adequate alternative remedy—in this case filing a petition in the Tax Court—necessarily precludes this Court from exercising its equitable powers.

bankruptcy court as required by the rules. In response, Plaintiffs indicate they do not object to dismissing Count Five.

Accordingly, this Court respectfully recommends the District Court dismiss Count Five.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the District Court grant Defendant's motion to dismiss for lack of subject matter jurisdiction.

_____
Hon. Joseph A. Dickson, U.S.M.J.

Dated: May 15th, 2012